IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-352C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The first sentence of paragraph 1 of the complaint constitutes plaintiff's characterization of its case, to which no response is required. Admits the allegation contained in the second sentence of paragraph 1, that the Western Area Power Administration ("Western") is a Federal entity. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law to which no response is required; to the extent that they may be deemed conclusions of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 1. Admits the allegation contained in the fifth sentence of paragraph, that Western paid plaintiff upon invoices, purportedly for grid management charges ("GMCs") assessed upon plaintiff by the California Independent Systems Operator Corporation ("CAISO"), until February 2003. Denies the remainder of the allegations contained in this sentence. The allegations contained in the sixth sentence of paragraph 1constitute plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed conclusions of fact, they are denied.

2. Admits the allegation contained in the first sentence of paragraph 2 of the complaint that the CAISO imposes GMCs upon entities that utilize the power transmission system

operationally controlled by the CAISO; denies the remainder of the allegations contained in the first sentence of paragraph 2. Admits the allegations contained in the second sentence of paragraph 2 to the extent that the GMCs assessed by CAISO purport to cover its administrative and overhead costs; otherwise denies the allegations contained in the second sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 2 to the extent that they are supported by the CAISO's proposed GMC filing submitted to the Federal Energy Regulatory Commission ("FERC") for approval on November 1, 2000, which is the best evidence of its content; otherwise denies the allegations contained in the fourth sentence of paragraph 2.

3. Admits the allegation contained in paragraph 3 of the complaint that FERC approved plaintiff's proposed pass-through tariff ("PTT"), to the extent supported by the relevant FERC ruling, which is the best evidence of its content; otherwise denies the allegation that FERC approved plaintiff's PTT. Avers, however, that the relevant FERC orders have been appealed to the United States Court of Appeals for the District of Columbia Circuit and that that Court has not yet ruled upon the appeal. The remainder of the allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent that they may be deemed conclusions of fact, they are denied.

4. Denies.

5. Admits the allegations contained in the first sentence of paragraph 5 of the complaint only to the extent that plaintiff has previously asserted that Western owed it $13,786,917.74 by

virtue of its PTT for the referenced time period; otherwise denies the remainder of the allegations in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that Western paid plaintiff $8,297,037.03; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 5. The allegations contained in the third sentence of paragraph 5 constitute plaintiff's characterization of its case, to which no response is required. Admits the allegation contained in the fourth sentence of paragraph 5 that the difference between the fees to which plaintiff asserts that it is entitled for its GMCs and the moneys paid by Western is $5,489,880.71; otherwise denies the remainder of the allegations contained in the fourth sentence of paragraph 5.

6. The allegations contained in paragraph 6 of the complaint constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 of the complaint constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in the first sentence of paragraph 8 of the complaint for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in the first and second sentences of paragraph 9 of the complaint. Admits the allegations contained in the third sentence of paragraph 9 but avers that Western's sale of power to such customers is governed by statute, which dictates which potential customers are given priority for sale of available power from Western.

10. The allegations contained in paragraph 10 of the complaint are conclusions of law, to which no response is required.

11. Denies the allegations contained in paragraph 11 of the complaint for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegation contained in the first sentence of paragraph 12 of the complaint that the CAISO imposes GMCs upon entities that utilize the power transmission system operationally controlled by the CAISO; denies the remainder of the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent that the GMCs assessed by CAISO purport to cover its administrative and overhead costs; otherwise denies the allegations contained in the second sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 12 to the extent supported by the FERC approval of the CAISO's proposed GMC charge that was originally submitted on November 1, 2000, which is the best evidence of its contents; otherwise denies the allegations set forth in the third sentence of paragraph 12. Denies the allegations contained in the fourth sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegation contained in paragraph 13 of the complaint, because "CAISO-certified SC" is an ambiguous phrase and for lack of knowledge or information sufficient to form a belief as to their truth.

14. The allegations contained in the first sentence of paragraph 14 of the complaint constitute plaintiff's characterization of its case, to which no response is required. The

allegations contained in the second and third sentences of paragraph 14 constitute plaintiff's characterization of its case, to which no response is required; to the extent that they are deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 of the complaint to the extent supported by the October 17, 1997 filing with FERC cited, which is the best evidence of its content; otherwise denies the allegations contained in this paragraph.

16. Admits the allegations contained in paragraph 16 of the complaint to the extent supported by the October 31, 1997 filing with FERC cited, which is the best evidence of its content; otherwise denies the allegations contained in this paragraph.

17. Admits the allegations contained in paragraph 17 of the complaint to the extent supported by the April 7, 1998 filing with FERC cited, which is the best evidence of its content; otherwise denies the allegations contained in this paragraph.

18. Admits the allegations contained in the first sentence of paragraph 18 of the complaint. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the November 1 and December 15, 2000 filings cited, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 18.

19. Admits the allegation contained in the first sentence of paragraph 19 of the complaint that plaintiff submitted a proposed GMC PTT to FERC on the dates cited. Admits the remainder of the allegations contained in paragraph 19 to the extent supported by the November 13 and December 26, 2000 filings cited, which are the best evidence of their contents; otherwise denies

the remainder of the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 of the complaint to the extent supported by plaintiff's GMC PTT filing cited, which is the best evidence of its content; otherwise denies the remainder of the allegations contained in paragraph 20.

21. Admits.

22. Admits the allegations contained in the first sentence of paragraph 22 of the complaint. Admits the allegations contained in the remainder of paragraph 22 the extent supported by the cited FERC Opinion, which is the best evidence of its content; otherwise denies the remainder of the allegations contained in paragraph 22. Avers, however, that the relevant FERC orders have been appealed to the United States Court of Appeals for the District of Columbia Circuit and that that Court has not yet ruled upon the appeal.

23. Admits the allegations contained in paragraph 23 of the complaint to the extent supported by the cited FERC Opinions referenced, which is the best evidence of their content; otherwise denies the allegations contained in paragraph 23. Avers, however, that the relevant FERC orders have been appealed to the United States Court of Appeals for the District of Columbia Circuit and that that Court has not yet ruled upon the appeal.

24. Admits the allegations contained in paragraph 24 of the complaint to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 of the complaint to the extent supported by the October 31, 2003 filing with FERC cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 of the complaint to the extent supported by the June 29, 2004 Offer of Partial Settlement cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 of the complaint to the extent supported by the FERC approval cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 27.

28. Denies the allegation contained in paragraph 28 of the complaint for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegation contained in paragraph 29 of the complaint that Western paid plaintiff $8,297,037.32 during the stated time period. Denies the remainder of the allegations contained in paragraph 29.

30. Denies.

31. Admits the allegations contained in paragraph 31 of the complaint that, since March 2003, Western has not made any GMC payments to plaintiff upon invoices that plaintiff submitted to Western pursuant to an alleged PTT. Denies the remainder of the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 of the complaint to the extent supported by the November 19, 2004 letter cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 32.

33. Admits that Western did not pay any “outstanding balance” alleged by plaintiff, but denies any allegation that Western owed any money to plaintiff.

34. Admits the allegations contained in the first sentence of paragraph 34 of the

complaint to the extent supported by the February 14, 2006 letter cited, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 34. Admits that Western did not pay any "outstanding balance" alleged by plaintiff as indicated in the second sentence of paragraph 34, but denies any allegation that Western owed any money to plaintiff.

35. Admits the allegation contained in paragraph 35 of the complaint that plaintiff presented a document to Western on April 11, 2006, that purported to be a claim pursuant to the Contract Disputes Act, to the extent supported by the April 11, 2006 document itself, which is the best evidence of its content; otherwise denies this allegation. The remainder of the allegations contained in this paragraph are conclusions of law to which no response is necessary; to the extent that they may be deemed allegations of fact, they are denied.

36. Admits the allegations contained in paragraph 36 of the complaint to the extent supported by the June 12, 2006 letter itself, which is the best evidence of its content; otherwise denies this allegation.

37. Defendant's responses to paragraphs 1 through 36 of the complaint are incorporated by reference.

38. Denies.

39. Denies.

40. Denies.

41. The allegations contained in paragraph 41 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

42. Defendant's responses to paragraphs 1 through 41 of the complaint are incorporated by reference.

43. Admits the allegations contained in paragraph 43 of the complaint to the extent supported by the FERC opinion cited, which is the best evidence of its contents; otherwise, denies this allegation. Avers, however, that the relevant FERC orders have been appealed to the United States Court of Appeals for the District of Columbia Circuit and that that Court has not yet ruled upon the appeal.

44. The allegations contained in paragraph 44 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

45. Denies.

46. Denies.

47. Denies.

48. The allegations contained in paragraph 48 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

49. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 48, or to any relief whatsoever.

50. Denies each and every allegation not previously admitted or otherwise qualified.

<u>DEFENDANT'S COUNTERCLAIM</u>

51. On July 31, 1967, the United States and plaintiff, Pacific Gas and Electric Company ("PG & E") executed contract 14-06-200-2948A ("the contract"). The contract provided for the

integration of power resources from the Government's Central Valley Project with PG & E power resources. The contract specified that PG & E would serve the combined load of both parties and also specified what fees the parties would pay. The contract contained a clause allowing for the parties to renegotiate fee payment rates every five years.

52. In 1998, PG & E turned operational control of its transmission system to the CAISO. As a result, the CAISO took responsibility for transmission services related to PG & E's obligations to the United States under the contract.

53. CAISO assessed fees, including GMCs, against PG & E after it took operational control of PG & E's transmission system. PG & E sought to pass a portion of these costs through to Western,.

54. Among its other efforts to obtain additional money from Western, PG & E filed two cases with FERC in which it sought to amend the contract to charge Western GMC and other fees assessed by PG & E. Western contested both cases. In one of these cases, Western filed a motion for summary judgment, seeking the dismissal of the portions of PG & E's filing that sought an amendment of the contract. FERC granted the motion and PG & E did not appeal.

55. From October 2001 through March 2003, Western paid PG & E a total of $8,297,037.03 ostensibly for the GMC charges assessed by CAISO and passed through by PG & E for grid management services related to the contract. Western made these payments pursuant to the contract and under protest, reserving its right to contest them, as it did, in ongoing litigation.

56. On September 25, 2003, PG & E dismissed the portion of its remaining FERC filing that related to amending the contract to charge Western for GMC fees.

57. The contract was never amended to allow for the GMC charges and has since been terminated. Accordingly, there is no contractual basis for Western's $8,297,037.03 payment to PG & E and the $8,297,037.03 constitutes an overpayment to PG & E by Western.

58. On April 10, 2006 PG & E sent a document to Western entitled "Claim for Damages," demanding payment of $5,523,935.66 for GMC fees it had been assessed by CAISO.

59. In response to PG & E's April 10, 2006 transmittal, Mr. Thomas Boyko, Western's Power Marketing Manager, issued a decision dated June 12, 2006 in which he denied PG & E's claim and demanded return of the $8,297,037.03 wrongly charged to Western under the contract by PG & E.

60. Western has determined that the $8,297,037.03 in GMCs that PG & E invoiced and Western paid to PG & E through February 2003 is a larger amount than PG & E would have been entitled to pursuant to its proposed PTT. Thus, even if PG & E had been entitled to assess GMCs against Western, PG & E overcharged Western for those services for the invoices collected through February 2003.

61. PG & E has not returned the $8,297,037.03 that it overcharged Western upon the contract.

WHEREFORE, defendant requests that the complaint be dismissed, that judgment be entered in favor of defendant in the amount of $8,297,037.03, plus interest, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305–7586
Fax: (202) 514-7969

September 4, 2007