**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Case No. 07-352C
(Judge Wheeler)

**PLAINTIFF'S ANSWER TO DEFENDENT'S COUNTERCLAIM**

For its answer to defendant's Counterclaim, plaintiff, Pacific Gas and Electric Company ("PG&E") states as follows:

51. PG&E admits the allegations in the first sentence of paragraph 51. PG&E admits the allegations in the second sentence of paragraph 51. With respect to the third sentence of paragraph 51, PG&E admits that, under contract 14-06-200-2948A ("contract 2948A"), PG&E agreed to serve the combined loads of both the Western Area Power Administration ("Western") and PG&E, and that contract 2948A specified fees applicable to the services rendered pursuant to contract 2948A. With respect to the fourth sentence of paragraph 51, PG&E admits that Article 32 of contract 2948A specifies that rates and charges under contract 2948A "shall be fair and equitable," and should be adjusted as appropriate on April 1, 1971, and every five years thereafter. PG&E denies the remainder of the allegations of paragraph 51.

52. PG&E admits the allegations in the first sentence of paragraph 52. PG&E denies the allegations in the second sentence of paragraph 52.

53. PG&E admits the allegations in paragraph 53.

54. As to the first sentence of paragraph 54, PG&E admits that it, in Federal Energy Regulatory Commission ("FERC" or "Commission") Docket No. ER01-424-000, concerning the CAISO's Grid Management Charge ("GMC") and PG&E's GMC Pass-Through Tariff ("GMC PTT"), PG&E argued in the alternative that, if the Commission should find that the GMC PTT does not constitute a new service, it should be approved as an amendment to the existing Control Area Agreements ("CAAs") for which PG&E served as a Scheduling Coordinator ("SC"). PG&E further admits that, in FERC Docket No. ER01-1639-000, PG&E filed to amend Contract 2948A to include GMC, SC charges, and Reliability Services Charges. PG&E admits the allegations in the second sentence of paragraph 54. With respect to the allegations in the third sentence of paragraph 54, PG&E admits that Western filed a motion for partial summary disposition in Docket No. ER01-424-000. The fourth sentence of paragraph 54 states a legal conclusion to which no response is required. To the extent that the fourth sentence of paragraph 54 is construed as an allegation of fact, PG&E admits that in response to Western's motion for partial summary disposition, the presiding judge ruled that issues relating to amending contract 2948A had been previously litigated in Docket No. ER01-1639-000, and were to be removed from the GMC PTT proceeding. PG&E admits that it did not appeal the presiding judge's decision.

55. PG&E admits that, from October 2001 through March 2003, Western paid to PG&E $8,297,037.03 in GMC assessed by the CAISO and passed through from PG&E to Western. PG&E denies the remainder of the allegations in paragraph 55.

56. PG&E is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and on that basis denies them.

57. PG&E admits that contract 2948A was not amended to allow for GMC charges, and that it has been terminated. The second sentence of paragraph 57 states a legal conclusion to which no response is required. To the extent that the second sentence of paragraph 57 is construed as an allegation of fact, it is denied.

58. PG&E admits the allegations in paragraph 58.

59. PG&E denies the allegations of paragraph 59 that the $8,297,037.03 was "wrongly" charged to Western, and that the GMCs were charged "under the contract," to the extent the contract refers to contract 2948A. PG&E admits the remainder of the allegations in paragraph 59.

60. With respect to the first sentence of paragraph 60, PG&E is without knowledge or information sufficient to form a belief as to the determination made by Western, but denies that any such determination is correct. The second sentence of paragraph 60 states a legal conclusion to which no response is required. To the extent that the second sentence of paragraph 60 is construed as an allegation of fact, it is denied.

61. PG&E denies that it overcharged Western, and that the GMCs assessed against Western were assessed "under the contract," to the extent the contract refers to contract 2948A. PG&E admits the remainder of the allegations in paragraph 61.

## AFFIRMATIVE DEFENSES

COLLATERAL ESTOPPEL AND/OR *RES JUDICATA*

62. On May 2, 2003, the Commission issued Opinion No. 463. 103 FERC ¶ 61,114. With respect to PG&E's GMC PTT, FERC determined that acting as an SC for the CAA customers constituted a "new service" that PG&E was not already obligated to perform pursuant to the CAA contracts with wholesale customers, including contract 2948A. The doctrines of collateral estoppel and/or *res judicata* preclude the United States from re-litigating the following issues already decided by the FERC: (1) PG&E has the right to pass through to CAAs GMCs charged to PG&E by the CAISO, on a dollar-for-dollar basis, under PG&E's GMC PTT; (2) the services performed under the GMC PTT constitute "new services" not included in the services provided under existing CAAs, including contract 2948A; and (3) the CAAs, including contract 2948A, do not have to be amended in order for PG&E to pass through to CAAs, on a dollar-for-dollar basis, GMC incurred by PG&E on behalf of CAA customers.

63. PG&E denies that the United States is entitled to the relief requested in its Counterclaim, or to any relief.

Respectfully Submitted,

*/s/ Kerry C. Klein*

KERRY C. KLEIN
Pacific Gas and Electric Company
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-3251
Facsimile: (415) 973-5520

Attorney for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

Dated: September 26, 2007

Of Counsel:

Mark D. Patrizio
PACIFIC GAS AND ELECTRIC COMPANY

Robert L. Shapiro
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006
Telephone (202) 331-3174
Facsimile: (202) 261-4752