IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-352C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), and Appendix A to this Court's rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**a. Does the Court have jurisdiction over the action?**

Plaintiff, Pacific Gas and Electric Company ("PG&E"), brings this action under the Contract Disputes Act of 1978, 41 U.S.C. § 409(a) ("CDA"). PG&E asserts jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) and § 1491(a)(2). Defendant, the United States, has identified no reason to question the jurisdiction of the Court at this time.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties believe that this case should be deferred pending the decision of the D.C.

Circuit in Western Area Power Administration, et al v. Federal Energy Regulatory Commission, No. 04-1090, et al ("WAPA v. FERC"). In WAPA v. FERC, the parties anticipate that the D.C. Circuit will address whether the approval of PG&E's pass through tariff ("PTT") by the Federal Energy Regulatory Commission ("FERC"), that forms the basis of plaintiff's claims here, was arbitrary and capricious. Accordingly, the results of WAPA v. FERC may be dispositive of this case and it would be in the interest of judicial economy to defer further proceedings in this case pending the court's decision in WAPA v. FERC. Final briefs are expected to be filed with the D.C. Circuit on January 18, 2008. Oral argument has not yet been scheduled.

**e. Will a remand or a suspension be sought?**

The parties agree that no remand or suspension will be sought at this time.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

The parties have made no decisions whether to file dispositive motions at this time. PG&E may move for partial summary disposition as to liability pursuant to RCFC 56, depending upon the outcome of the related D.C. Circuit appeal. If either party determines that such a motion is appropriate, that party will inform the Court and propose a schedule for briefing.

**h. What are the relevant issues?**

This case arises out of the creation of the California Independent System Operator Corporation ("CAISO"). PG&E turned over operational control of its electric transmission facilities to the CAISO in 1998. At this time, PG&E and the Western Area Power Administration ("Western") had a contract ("Contract 2948A") with PG&E that integrated

Western's Central Valley Project power resources with PG&E's load. It is the position of the Government that Contract 2948A (which was subject to revision every five years) governed the fees that PG&E could charge Western for transmission of power.

The CAISO filed a tariff with FERC seeking authority to impose Grid Management Charges ("GMCs") upon all parties that acted as Scheduling Coordinators ("SC s") under the CAISO tariff, including PG&E. The stated intention of this tariff was to recover the CAISO's administrative costs. FERC approved this tariff. PG&E subsequently filed a Pass-Through Tariff ("PTT") with FERC. The PTT sought to collect CAISO-imposed GMCs, on a dollar-for-dollar basis, from those entities for which PG&E scheduled its load. This PTT would apply to loads scheduled by PG&E on Western's behalf pursuant to Contract 2948A. FERC approved the PTT.

PG&E also sought, through a FERC filing, to amend the contract to include the additional fees charged to PG&E by the CAISO.

Western initially paid the invoices for GMCs to PG&E, but the Government asserts that it did so under protest. The total amount of these payments was $8,297,037.03. Ultimately, Western ceased paying the GMCs assessed by PG&E and sought a refund of the moneys it had already paid to PG&E. According to PG&E's calculation, Western owes it $5,489,880.71, in addition to the money already paid, for GMCs.

PG&E believes that there are two issues to be resolved by this lawsuit:

1) Whether Western breached an implied-in fact contract with PG&E to pay GMCs that PG&E paid to the CAISO for loads scheduled while PG&E acted as an SC for Western; and

2) Whether FERC's determination, that PG&E's proposed PTT was just and reasonable, created an enforceable contract that Western breached by virtue of refusing to make the

remaining GMC payments that PG&E invoiced to Western.

The United States believes that there are three additional issues to be resolved by this lawsuit:

1) Whether Western is entitled to have its initial payments for GMCs returned because PG&E was not entitled to them.

2) Assuming that Western was subject to PG&E's PTT, what dates that PTT should apply to Western.

3) Assuming that Western was subject to PG&E's PTT, whether PG&E charged Westerm the proper amount for GMCs.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

At this point, the parties believe it best to plan in anticipation of trial. Neither party requests expedited trial scheduling. At this time, the parties believe that the San Francisco, CA or Sacramento, CA areas may be the most likely locations which they would request for trial, but that may change as discovery proceeds.

**k. Is there any other information of which the Court should be aware at this time?**

No.

**l. What is the proposed discovery plan?**

The parties believe that discovery should await the disposition of the related appeal pending in the D.C. Circuit.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Kerry C. Klein
KERRY C. KLEIN
Attorney
77 Beale Street, B30A
P.O. Box 7442
San Francisco, CA 94120
PACIFIC GAS & ELECTRIC Co.
Tele: (415) 973-3251
Fax: (415) 973-5520

Attorney For Plaintiff

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305–7586
Fax: (202) 514-7969

Attorneys For Defendant

November 19, 2007